DOSIO v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9054. Decided June 4, 1928.

Syllabus by Editorial Staff.

661. INTOXICATING LIQUOR—480. Evidence.

Finding of whiskey glass upon counter, which glass smelled of liquor, and finding, concealed in wash room directly back of store, a quantity of whiskey, together with other facts and circumstances of corraborative nature, held sufficient to warrant conviction on grounds of unlawful possession.

Error to Municipal Court.
Judgment affirmed.

Moses H. Dixon, Cleveland, for Dosio.
E. H. Boers, Cleveland, for State.

FULL TEXT.

SULLIVAN, P.J.

This cause is here on error from the criminal branch of the Municipal Court of Cleveland, and it appears that the defendant was tried and convicted on an affidavit charging him with the unlawful possession of liquor, and he was sentenced to pay a fine of $500.00 and costs. The case is here upon the theory that under the record the defendant was not guilty because the possession of the liquor does not reach the question of control, to the extent as laid down by the authorities.

There are cited numerous authorities to show that one may not be held in law for the unlawful possession of intoxicating liquor unless there is some evidence that the person charged had some control, either directly or indirectly, of the liquor.

We have no quarrel with the authorities cited, one cannot have possession of any chattel without some control of the property. In other words, one cannot unlawfully possess intoxicating liquor if the facts and circumstances show that he had no knowledge of the existence of the liquor, but if there are facts and circumstances to show, even though the evidence is conflicting, if it reaches the requirements of the rules of the criminal law, that the existence of the liquor, knowledge of its existence, and location of the same, were known to the defendant, then it follows as a natural deduction that he has control of it. In other words, it is a question of fact whether under all the circumstances of the case, there is such an unlawful possession, of the liquor, even though it be but a circumstance that leads in its logic to the point of control, then it is sufficient to convict, if the record is strong enough to satisfy the rules of criminal law upon the question of reasonable doubt and hypothesis of innocence.

After reading the record in the case we have come to the conclusion that the question of possession and control was a question of fact to be determined by the court below, and under the rules laid down for a reviewing court, the judgment can only be disturbed where it is clearly and manifestly against the weight of the evidence or where the evidence is insufficient, such as upon the question of possession and control, or possession, to convict.

We cannot say, in the present case, that the evidence does not satisfy the demands of the criminal law, or that the verdict is clearly and manifestly against the weight of the evidence. In the instant case it appears from credible eivdence that a whiskey glass was found upon the counter, that it smelled of liquor, and that in the wash room, directly back of the store there was a toilet, and in the flushing box of the toilet was found a quantity of whiskey. This evidence as to the glass on the counter smelling of liquor, and the receptacle containing the liquor, in the toilet as above noted, to say the least, tended to show not only possession, but control. There are other facts and circumstances in the case of such a corroborative nature that taking all the record into consideration, it reaches the demands of the criminal law as to the rules of evidence.

Applying the rules laid down by the Supreme Court that a reviewing court can only reverse on the weight of the evidence where there is some error that shocks the senses that projects from the record, which shows that a grievous error has been made, we find no such a situation existing in the instant case. Therefore, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)